UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Hector Ortiz

   v.                                               Civil No. 12-cv-372-JL

Richard M. Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the court is pro se petitioner Hector Ortiz's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

### § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

In 2010, a jury in Hillsborough County Superior Court convicted Ortiz of two counts of aggravated felonious sexual assault, one count of felonious sexual assault, and one count of endangering the welfare of a child.  See N.H. Rev. Stat. Ann. ("RSA") §§ 632-A:2, 632-A:3, and 639:3.  The New Hampshire Supreme Court ("NHSC") affirmed Ortiz's conviction on October 27, 2011.  See State v. Ortiz, 162 N.H. 585, 600, 34 A.3d 599, 612 (2011).

The § 2254 petition (doc. no. 1) filed in this court challenges Ortiz's convictions and sentence on the following bases[1]:

   1.   Ortiz's conviction was obtained in violation of his Fourteenth Amendment right to due process, because it was based on the twenty-three year old prosecutrix's "repressed memory" that had been tainted by interview techniques employed upon her.

   2.   Ortiz's conviction was obtained in violation of his Sixth Amendment right to compulsory process, in that the trial court denied Ortiz an opportunity to offer expert testimony to rebut the testimony of a "doctor" as to the reliability of the victim's testimony.

   3.   The Superior Court's procedure of sentencing Ortiz, then calling him back for resentencing after the case was closed, violated Ortiz's right to due process under the Fourteenth Amendment.

   4.   Ortiz's conviction was obtained in violation of his: (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to a fair trial, because the trial judge was biased.

   5.   Ortiz's conviction was obtained in violation of his: (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to a fair trial before an impartial jury, because the trial judge personally selected the jury foreperson knowing that juror from prior service on another case.

   6.   Ortiz's trial counsel provided ineffective assistance of counsel, in violation of Ortiz's Sixth Amendment rights, in that: (a) counsel failed to prepare a proper defense; and (b) counsel failed to obtain an expert to rebut the

---

[1]Ortiz asserts, without explanation, that his conviction was obtained in violation of his First, Fourth, and Fifth Amendment rights, but he has failed to allege any facts to support such claims.  Accordingly, the court has construed those references to be surplusage.  Ortiz retains the right to move to amend the petition to add facts to support such claims for relief.

3

testimony of a "doctor" as to the reliability of the victim's testimony.

7. Ortiz's counsel provided ineffective assistance in Ortiz's direct appeal by failing to raise the proper issues before the NHSC.

## Discussion

To be eligible for habeas relief, Ortiz must show that he has either exhausted all of his state court remedies as to the claims raised in his federal habeas petition, or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

> A claim for habeas corpus relief has been exhausted where the claim has been fairly presented to the state courts. Fair presentation means that the petitioner must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Dutil, 550 F.3d at 158 (citations and quotation marks omitted). A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the federal claims. See id. at 157.

Ortiz has demonstrated that he exhausted his state court remedies as to Claim 3 above through his direct appeal of his conviction. The sparse record before this court at this time,

4

however, indicates that Ortiz did not challenge his conviction in the state courts based on any of the other federal claims identified in the § 2254 petition.  While a fuller record, including the notice of appeal and briefs filed in Ortiz's direct appeal in the NHSC, could yet demonstrate that other claims have been exhausted in the state courts, Ortiz has thus far failed to so demonstrate.

A "mixed" petition, including both exhausted and unexhausted claims, such as Ortiz's appears to be, is subject to dismissal.  Pliler v. Ford, 542 U.S. 225, 233 (2004).  If the petitioner seeks to avoid dismissal, he may move this court to stay the habeas action to allow him an opportunity to return to the state courts to exhaust his state court remedies for each federal claim in the petition.

A petitioner in New Hampshire may exhaust his state court remedies, for example, by litigating a motion for a new trial or a petition for a writ of habeas corpus in the state courts, asserting the federal constitutional claims as the bases for obtaining relief, and presenting his federal claims to the NHSC and obtaining a final decision in an appeal of any adverse superior court ruling on those claims.  Alternatively, this court may grant a petitioner leave to file an amended petition that omits the unexhausted claims.  In choosing to forego

5

unexhausted claims, however, the petitioner risks losing the chance to file those claims in federal court, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

Ortiz has failed to demonstrate that he has exhausted his state court remedies as to Claims 1-2 and 4-7 above.  In order to proceed in this matter at this time, therefore, Ortiz must either: amend his petition to demonstrate that all of his claims have been exhausted in the state courts; seek a stay in this matter to enable him to return to the state courts to exhaust his unexhausted claims; or, alternatively, move to amend his petition to drop his unexhausted claims and proceed only on his exhausted claims.

### Conclusion

1.   Within thirty days of the date of this order, Ortiz is granted leave to file in this court:

   A.   An amended § 2254 petition, including as exhibits the notice of appeal and briefs from the NHSC record in Ortiz's direct appeal of his conviction (NHSC Case No. 2010-269), if those exhibits show that Ortiz has already presented to the NHSC any of the federal claims numbered as Claims 1-2 and 4-7 above, and/or any other documents from

the NHSC docket that demonstrate exhaustion of state court remedies; and

    B.   A motion to stay this action, if Ortiz intends to litigate, during the pendency of the stay in this case, a proceeding in the state courts to exhaust his state court remedies on Claims 1-2 and 4-7 above; or a motion to amend the petition to drop Claims 1-2 and/or 4-7 above, if Ortiz does not intend to return to the state courts to exhaust his state court remedies on those claims.

2.   Should Ortiz fail to file an amended petition, fail to move to stay the petition, or fail to move to drop the unexhausted claims, this court may recommend that the § 2254 petition be dismissed, without prejudice, for failure to demonstrate exhaustion.  See 28 U.S.C. § 2254(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2013

cc:   Hector Ortiz, pro se

LBM:nmd