## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Hector Ortiz</u>

     v.                                 Civil No. 12-cv-372-JL

<u>Richard Gerry, Warden,</u>
<u>New Hampshire State Prison</u>

## <u>REPORT AND RECOMMENDATION</u>

Hector Ortiz has filed a petition for a writ of habeas corpus (doc. no. 1), in which he has asserted a claim challenging the amendment of his sentence in his state court criminal case.[1]  Respondent has moved for summary judgment (doc. no. 23).  Ortiz has not responded.  Respondent's motion is before the court for a Report and Recommendation as to disposition, pursuant to LR 72.1.  <u>See</u> 28 U.S.C. § 636(b)(1)(B).

## <u>Background</u>

### I.   <u>Trial and Sentencing</u>

Ortiz was charged with two counts of aggravated felonious sexual assault, one count of felonious sexual assault, and one count of endangering the welfare of a child.  <u>See</u> <u>State v. Ortiz</u>, 07-S-2197-2220 (N.H. Super. Ct., Hillsborough Cnty.,

---

[1]Since filing his original petition (doc. no. 1), Ortiz has filed addenda (doc. nos. 8 and 10-12) to the petition.  The court construes the addenda as part of Ortiz's petition in this matter for all purposes.

S.D.). On December 9, 2009, after a jury trial, the jury found Ortiz guilty of all four charges. Dec. 9, 2009, Trial Tr. 210-11.

A sentencing hearing was held on March 29, 2010. After hearing from the parties, the court took a thirty minute recess. Id. at 16. After the recess, the court returned to the bench and announced that he was sentencing Ortiz to two concurrent 10-20 year sentences, with 248 days of pretrial credit, followed by two concurrent 5-10 year sentences that were to run consecutively to the 10-20 year sentences. The announced sentence called for a total of 15-30 years in prison. Id. at 16-18. The court then remanded Ortiz to the custody of the Sheriff. Id. at 21.

Nine minutes after recessing the sentencing hearing, the court reconvened the hearing, after consulting with counsel for both parties in chambers. Id. At the reconvened hearing, the court apologized to Ortiz, and advised the parties that the sentence he had orally announced earlier that morning was incorrect. Id. The judge stated that he had intended to impose the two 10-20 year sentences consecutively to one another, but had misspoken in announcing the sentence. Id. The court then said that the two 10-20 year sentences would be served

2

consecutively to one another, resulting in an aggregate sentence of 25-50 years in prison, as the other sentences were left unchanged.  Id. at 22.

On April 2, 2010, Ortiz filed a "Motion for Original Sentence" in the trial court, arguing that the amendment of his sentence after the initial sentencing hearing had adjourned violated Ortiz's state and federal constitutional rights.  See State v. Ortiz, No. 2010-0269 (N.H.), Def.'s Br. A17.  The prosecutor objected.  Id. at A23.  The trial court held a hearing on Ortiz's motion on June 2, 2010.  See June 2, 2010, Mot. Hr'g Tr. 3.  The court denied the motion in a written order, in which the sentencing judge stated:

> The Court recessed to review the sentence recommendations and decide the sentence to be imposed. The Court believed that the State's recommendation was too severe, and that the defendant's recommended sentence was too lenient.  The recess lasted approximately 30 minutes, most of which was used to consider the parties' recommendations and to record the sentence.
>
> The Court ultimately decided to impose stand committed sentences totaling 25 to 50 years in the New Hampshire State Prison.  However, when the Court attempted to modify the State's recommendation to reflect this sentence, the Court erred.  It made the sentence in Indictment 07-S-2198 run concurrent with the sentence in Indictment 07-S-2197, rather than consecutive, as it had intended.  The Court did not immediately realize its error and returned to the courtroom to sentence the defendant.

3

> After remanding the defendant into the State's custody
> and leaving the bench, the Court immediately became
> concerned that the sentence imposed was not the
> sentence intended.  The Court then immediately
> reviewed the sentencing sheets and saw the concurrent
> sentences on Indictments 07-S-2197 and 07-S-2198,
> confirming the error.  Court officers were immediately
> directed to return the parties to the courtroom.  The
> Court explained that an error had been made and
> imposed the intended consecutive sentences.  Only nine
> (9) minutes elapsed between the end of the original
> sentencing hearing and the Court's return to the bench
> for resentencing.

Direct Appeal, Def.'s Br. at A29-30.


## II.  **Post-Conviction State Court Litigation**

### A.   Direct Appeal

Ortiz filed a direct appeal of his convictions and sentences, raising a number of issues, including a due process challenge to the amendment of his sentence on March 29, 2010. Id. at 17.  Ortiz asserted his due process rights under the state constitution and the Fourteenth Amendment to the United States Constitution, to serve the sentence originally imposed. The New Hampshire Supreme Court ("NHSC") affirmed the conviction and the 25-50 year sentence.  See State v. Ortiz, 162 N.H. 585, 612 (2011).

In its decision, the NHSC acknowledged that Ortiz cited the federal constitution in his brief, but had "relie[d] only upon state cases construing our State Constitution and [had] not

separately develop[ed] any argument based upon the Federal
Constitution." Id. at 608.  The NHSC further stated that it
would limit its analysis to the state constitutional issues and
would rely on federal authority for guidance only. Id.  The
NHSC found that the sentencing court's imposition of an
erroneous sentence in the first instance was the result of the
court's clerical error, and that the sentencing court thus
retained jurisdiction to correct the error with a subsequent
amendment to Ortiz's sentence to reflect the sentence intended
by the court. Id. at 597.

    B.    State Habeas Action

    On May 17, 2013, Ortiz filed a petition for a writ of
habeas corpus in the state Superior Court, sitting at Merrimack
County ("MCSC") arguing, among other things, that his federal
Due Process rights were violated when the trial court altered
his sentence on March 29, 2010.  The state objected.  After a
hearing, the MCSC denied the petition. See Ortiz v. Gerry, No.
217-2013-CV-273, (N.H. Super. Ct., Merrimack Cnty. Dec. 9, 2013)
("MCSC Order") (doc. no. 11-1).  Ortiz did not appeal that
decision to the NHSC.

    The MCSC, addressing the merits of Ortiz's federal due
process claim, found that the applicable test to determine

5

whether his due process rights had been violated by the change in his sentence was the same under federal and state law.  Id. at 4 (citing Dewitt v. Venteloulo, 6 F.3d 32, 35 (1st Cir. 1993), as the source of the test set forth in State v. Stern, 150 N.H. 705 (2004), the case followed by the NHSC in denying Ortiz relief).  The MCSC rejected on the merits Ortiz's claim alleging a federal due process violation, based on the change in his sentence that occurred when the sentencing court corrected its own clerical error.  MCSC Order at 4.

## III. **Federal Habeas Action**

### A.   Habeas Standard

A federal court may grant habeas corpus relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  When a prisoner brings a claim in federal court that was adjudicated on the merits in State court proceedings,

> [f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision was contrary to federal law then clearly established in the holdings of th[e Supreme] Court, or that it involved an unreasonable application of such law, or that it was

> based on an unreasonable determination of the facts
> in light of the record before the state court.

Harrington v. Richter, 562 U.S. 86, 100 (2011) (internal

quotation marks and citations omitted).  The petitioner bears

the burden both of showing that the state court decision is

contrary to, or involves an unreasonable application of,

established federal law, and of rebutting the presumption of

correctness of state court factual findings by clear and

convincing evidence.  See 28 U.S.C. § 2254(e)(1).

    B.   Relevant State Court Order for Habeas Review

    Here, Ortiz has asserted the following claim for relief:

> The Superior Court's procedure of sentencing Ortiz,
> then calling him back for resentencing after the case
> was closed, violated Ortiz's right to due process
> under the Fourteenth Amendment.

As discussed above, Ortiz's federal due process challenge to the

amendment of his sentence was raised and rejected in the

sentencing court.  Ortiz raised the issue on direct appeal, but

the NHSC did not explicitly consider Ortiz's federal due process

claim.  See Ortiz, 162 N.H. at 608.  Ortiz's federal due process

claim was reinvigorated by the state habeas court when Ortiz

raised that claim in that matter, and the MCSC rejected that

claim on the merits.  See Ylst v. Nunnemaker, 501 U.S. 797, 801

(1991).  The MCSC Order is the last reasoned opinion issued by

the state courts on Ortiz's claim, and is thus the order subject
to review in this action.

    C.    <u>Due Process Standard</u>

        A petitioner's federal due process right is not violated by
the state court's correction of a clerical error in its own
sentence, unless the state court determined the state law issue
in a manner "so arbitrary and capricious as to constitute an
independent due process . . . violation." <u>Lewis v. Jeffers</u>, 497
U.S. 764, 780 (1990).  In New Hampshire, a sentencing court
retains jurisdiction to correct a clerical error in its
sentence.  <u>See</u> <u>State v. Van Winkle</u>, 160 N.H. 337, 341 (2010).
As a state court's understanding of its own jurisdiction is a
matter of state law, absent arbitrary and capricious action, it
does not give rise to a federal due process violation.  Further,
under federal law:

> A convicted defendant does not automatically acquire a
> vested interest in a mistakenly low sentence.  Only in
> the extreme case can a court properly say that the
> later upward revision of a sentence, made to correct
> an earlier mistake, is so unfair that it must be
> deemed inconsistent with fundamental notions of
> fairness embodied in the Due Process Clause.

<u>DeWitt</u>, 6 F.3d at 35.

        Ortiz has not identified any Supreme Court law, and the
court is aware of none, to which the <u>MCSC Order</u> is contrary or

that was unreasonably applied by the MCSC.  Accordingly, Ortiz has failed to meet his burden under § 2254(d)(1), to make such a showing in order to obtain habeas relief.

The MCSC's factual findings are amply supported by the record in this matter.  Ortiz does not point to any specific facts to counter those found by the MCSC, and has thus failed to meet his burden to demonstrate that the relevant facts were unreasonably determined by the MCSC under § 2254(d)(2). Accordingly, the court finds that Ortiz is not entitled to habeas relief on his due process claim.

## Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party."  § 2254 Rule 11(a).  The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Ortiz has failed to make such a showing. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge: (1) grant Respondent's motion for summary judgment (doc. no. 23), (2) deny the petition for a writ of habeas corpus (doc. no. 1), and (3) decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


May 28, 2015

cc:  Hector Ortiz, pro se
     Elizabeth C. Woodcock, Esq.